UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>PRIDE HYUNDAI OF LYNN, INC. D/B/A<br>PRIDE HYUNDAI OF LYNN,<br><br>  Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff, Hyundai Motor America, Inc. ("HMA" or "Plaintiff"), by and through its undersigned attorneys, Nelson Mullins Riley & Scarborough, LLP, and for its Complaint against defendant, Pride Hyundai of Lynn, Inc. d/b/a Pride Hyundai of Lynn ("Pride" or "Defendant") alleges as follows:

### I.   PARTIES

1. Plaintiff HMA is a California corporation with its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. HMA is registered to do and does business in the state of Massachusetts.

2. Defendant Pride is a Delaware corporation with its principal place of business at 777 Lynnway, Lynn, Massachusetts 01905.

### II.   JURISDICTION AND VENUE

3. This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. § 1332, in that this is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the Defendant's principal place of business is in this Judicial District and a substantial part of the events giving rise to the claim occurred in this Judicial District.

### III. NATURE OF ACTION

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. As shown below, there is an actual controversy between the parties, making it appropriate for this Court to declare the legal rights of the parties with respect to that controversy.

6. HMA is engaged in the business of manufacturing and distributing new motor vehicles and related parts and accessories in all 50 states, and is the sole authorized manufacturer in the United States of Hyundai branded automobiles to a nationwide network of franchised Hyundai dealers. HMA is a "Manufacturer" as defined in Mass. Gen. Laws Ann. ch. 93B, § 1.

7. Pride is a "dealer," "motor vehicle dealer," or "dealership" as those terms are defined under Mass. Gen. Laws ch. 93B, § 1, and operates a franchised motor vehicle dealership at 777 Lynnway, Lynn Massachusetts 01905.

A. *Pride's Hyundai Dealer Sales and Service Agreement and Assignment of Pride's Non-Exclusive Primary Market Area*

8. HMA and Pride entered into a Hyundai Dealer Sales and Service Agreement dated as of September 24, 2012 (as amended, together with the Standard Provisions incorporated by reference therein, the "Dealer Agreement"). A copy of the Dealer Agreement, including the Standard Provisions, is attached as **Exhibit A**.

9. Pursuant to the Dealer Agreement, HMA granted Pride the non-exclusive right to service, and to buy and sell Hyundai vehicles and parts from an approved location and facility. *See* **Ex. A,** at pp. 1 – 2 (¶¶ 1, 6).

10. The Dealer Agreement makes clear that Pride has no contractual right to be the exclusive dealer of Hyundai products in its particular area:

> **5. Appointment of New Dealers**
> DEALER agrees that HMA will have the right, from time to time, to appoint … new or additional authorized Hyundai Dealers in or near the primary market area served by DEALER based upon such reasonable criteria as HMA may establish in its sole discretion.

**Ex. A,** at p. 22 (¶ 10(B)(5)).

11. The Dealer Agreement also provides that HMA's designation of Pride's PMA "is not intended to be permanent and that HMA may, in its sole discretion, change [Pride's] primary market area from time to time." **Ex. A**, at p. 21 (¶ 10(B)(4)). A primary market area is a "geographic area which HMA will designate from time to time for the sole purpose of evaluating" the performance of its dealers in the market ("PMA").

12. All Hyundai dealers have the right to compete with one another and to sell Hyundai vehicles to consumers anywhere in the United States, including into another Hyundai dealer's PMA. *Id.*

13. Chapter 93B of the Massachusetts General Laws generally regulates business practices between motor vehicle manufacturers like HMA and its dealers like Pride.

14. Among other things, the statute establishes the parameters of when an existing dealer may or may not challenge a manufacturer's appointment of a new dealer of that same line-make as being without good cause, in bad faith, arbitrary, or unconscionable. *See* Mass. Gen. Laws ch. 93B, § 6.

15. Under Mass. Gen. Laws ch. 93B, § 6(d), an existing dealer may submit a protest letter objecting to a manufacturer's proposed establishment of an additional franchise of the same line-make only when the new point is within the existing dealer's "relevant market area" ("RMA").

3

16. Upon receipt of a protest letter from an existing dealer within the RMA that the proposed dealership is sought to be established, the manufacturer is empowered to file a complaint in this District Court to enforce or enjoin the proposed establishment. *See* Mass. Gen. Laws ch. 93B, § 6(e).

**B.** *The Current, Actual Controversy Between HMA and Pride Concerning the Proposed Establishment*.

17. By letter dated October 19, 2023, HMA notified Pride, pursuant to Mass. Gen. Laws ch. 93B, § 6(c), of its intention to establish an additional Hyundai dealership at 64 Andover Steet, Danvers, MA 01923 on or after January 18, 2024. A copy of HMA's letter is attached hereto as **Exhibit B** (the "Establishment Notice"). The proposed new dealership in Danvers is over seven miles from Pride's Hyundai dealership, which is located in Lynn.

18. HMA informed Pride, among other things, that the underlying data supports the conclusion that the proposed establishment of a dealership in the Danvers PMA is warranted in light of the economic and market conditions. Specifically, HMA informed Pride that establishing a Hyundai dealership at the proposed location would, "among other things, allow HMA to regain market share from their inter-brand competitors, stimulate intra-brand and inter-brand competition to the benefit of the public, provide a more convenient sales and service location for consumers, and serve the local economy and community." **Ex. B**, at p. 1.

19. HMA also informed Pride that the proposed establishment would not adversely impact existing Hyundai dealers such as Pride, but rather, it would foster brand awareness in a broader market and would be beneficial to consumers and the general public in the Danvers PMA, overall. **Ex. B**, at pp. 1 – 2.

20. The Establishment Notice also explained that a competitive franchise count

4

analysis revealed that eight (8) Hyundai dealerships in the Boston metro area are required for Hyundai to achieve optimal competitive performance in the state, regional, and national markets. Because there are presently only six (6) Hyundai dealerships in the Boston metro market, HMA reasoned that establishment of a new dealer at the proposed location is warranted. *See* **Ex. B**, at p. 2.

21. The Establishment Notice further explained that a new dealership is further warranted in light of the significant population growth in the Danvers PMA that is expected to continue through at least 2027. *See* **Ex. B** at p. 3.

22. By letter dated December 1, 2023, Pride notified HMA of its intent to protest the establishment of a new dealership pursuant to Mass. Gen. Laws ch. 93B, § 6(d) (the "Protest Letter"). A copy of Pride's Protest letter is attached hereto as **Exhibit C**. Pride asserts, *inter alia*, that HMA does not have good cause to establish a dealership in the Danvers PMA and that such would "directly cause an adverse impact to Pride and the general public." **Ex. C**, at p. 1.

23. Prior to instituting this action, on December 12, 2023, the parties met and conferred in accordance with Mass. Gen. Laws ch. 93B, § 15, but were not able to resolve their differences concerning the proposed establishment.

24. The amount in controversy exceeds $75,000 with respect to the claims and defenses of all parties. As a direct and proximate result of Pride's protest of the proposed establishment, HMA is losing substantial revenues, including without limitation, from new cars sales, each day that the opening of the proposed dealership in Danvers is delayed. Pride has alleged, and HMA specifically denies, that if the new dealership is established, Pride will suffer resultant damages in that it will lose new car sales and service department revenue and will "result in Pride's demise." *See* **Ex. C**, at p. 2. Moreover, the blue-sky value of both Pride's dealership and the dealership

sought to be established by HMA in Danvers are each valued at millions of dollars.

25. HMA desires to proceed immediately with its plans to establish the Danvers dealership. Every day that HMA is prevented from establishing the Danvers dealership both HMA and the public are harmed and HMA continues to suffer delay damages. However, Pride's stated objections and protest to such action place HMA's plans – and the substantial expense to be incurred by HMA in implementing the plans – on hold. Accordingly, HMA asks this Court to determine the legal rights as between HMA and Pride with respect to this issue, and declare that HMA is legally entitled to proceed with the establishment of a dealership in Danvers, Massachusetts.

## IV.   COUNT I
### Declaratory Relief, 28 U.S.C. § 2201
### (HMA Has Good Cause to Establish A Dealership In Danvers, MA)

26. HMA incorporates each of the above numbered paragraphs as if fully set forth herein.

27. Under applicable Massachusetts law and the Dealer Agreement, HMA has the right to establish a new dealership at 64 Andover Steet, Danvers, MA 01923. *See* **Ex. A,** at p. 22 (¶ 10(B)(5)); *see also* Mass. Gen. Laws ch. 93B, § 6.

28. Pursuant to Mass. Gen. Laws ch. 93B, § 6, HMA has good cause to establish a new dealership at 64 Andover Steet, Danvers, MA 01923.

29. Under Mass. Gen. Laws ch. 93B, § 6, establishment of a new dealership at 64 Andover Steet, Danvers, MA 01923 will be beneficial to the public welfare and will not result in any adverse impact to Pride or any of Hyundais dealers in the PMA and Boston metro area.

30. A case and/or controversy therefore exists between HMA and Pride as to whether HMA's has good cause to establish a dealership in Danvers, Massachusetts within the meaning of

Mass. Gen. Laws ch. 93B, § 6.

31. HMA is therefore entitled to a declaration that it has good cause to establish a new Hyundai Dealership at 64 Andover Steet, Danvers, MA 01923.

## V. COUNT II
### INJUNCTIVE RELIEF, MASS. GEN. LAWS CH. 93B, § 6.
### (Enjoining Pride from Further Objecting to the Proposed Establishment in Danvers, MA)

32. HMA incorporates each of the above numbered paragraphs as if fully set forth herein.

33. HMA has a reasonable likelihood of success on the merits of its claims in this action.

34. Pride's unfounded objection to and protest of HMA's proposed establishment of a new Hyundai dealership at 64 Andover Steet, Danvers, MA 01923 is substantially likely to cause "continued loss of money or property or of causing damage to the public" under Mass. Gen. Laws ch. 93B, § 15(a). As such, HMA's need for injunctive relief outweighs any potential injury that it may cause.

35. As a direct and proximate result of Pride's above-detailed conduct, HMA has and will continue to suffer delay damages.

36. Pride's conduct will continue to cause irreparable harm to HMA in the form of delay damages, actual and threatened loss of business opportunities, damage to relationships with actual and prospective Hyundai customers, and loss and diminution of market share. HMA also cannot be adequately compensated in damages for the loss of business caused by Pride's protest of the proposed establishment.

37. The injunctive relief will not disserve the public interest but will instead be

consistent with same. Rather, the public interest in maintaining an open and free market with competition and business opportunities is well-served by enjoining Pride from further delaying the establishment of a new Hyundai dealership in Danvers.

38. Under Mass. Gen. Laws ch. 93B, § 6(e) and (f)(3), injunctive relief is appropriate and an available remedy in circumstances such as those alleged herein.

39. Absent injunctive relief, HMA has and will continue to suffer irreparable.

40. The balance of equities favors the entry of injunctive relief. Courts may enter injunctive relief to preserve the status quo until final hearing.

41. HMA is therefore entitled to preliminary and injunctive relief, enjoining Pride from further protesting and delaying HMA's establishment of a new Hyundai dealership in Danvers, Massachusetts.

## VI.   PRAYER FOR RELIEF

WHEREFORE, HMA respectfully requests that judgment be entered in its favor and against Pride as follows:

a. A declaration under 28 U.S.C. § 2201 providing that (i) HMA has good cause to establish a new Hyundai dealership in Danvers, Massachusetts, and (ii) that HMA's addition of such representation does not violate any contractual, statutory or, other right of Pride;

b. An order enjoining Pride from further protesting or objecting to HMA's establishment of a Hyundai dealer in Danvers, Massachusetts; and

c. For such other relief as this Court deems just and proper.

This 16th day of January, 2024.

          Respectfully submitted,

          HYUNDAI MOTOR AMERICA, INC.,

          By its attorney,

          */s/ Lyndsey A. Stults*
          Lyndsey A. Stults (BBO #687958)
          Nelson Mullins Riley & Scarborough LLP
          One Financial Center, Suite 3500
          Boston, MA 02111
          Tel: (617) 217-4700
          Fax: (617) 217-4710
          lyndsey.stults@nelsonmullins.com